# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49413-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOSEPH ELI ELLISON, | |
| Appellant. | |

MAXA, A.C.J. – Joseph Ellison appeals the sentence for his first degree escape conviction, challenging his offender score calculation. He argues, and the State concedes, that the trial court improperly added a point to his offender score for being on community custody when he committed the offense. Instead of being on community custody, Ellison was in an alternative to confinement (ATC) program and therefore was "in custody."

We accept the State's concession, vacate Ellison's sentence, and remand for resentencing.

## FACTS

On June 29, 2015, Ellison pleaded guilty to one count of unlawful possession of a controlled substance (methamphetamine). The sentencing court imposed an ATC sentencing option. On July 1, Ellison attended the ATC orientation, where he signed an address verification form and signed a form setting out the rules and conditions of the program. One condition was that he check in every week day for a period of 30 days, and the form stated that the failure to

report to the ATC could result in an escape charge. When Ellison failed to check in on July 6 and 7, the ATC program director tried to contact Ellison and learned that he did not reside at the address he listed on his address verification form.

The State charged Ellison with first degree escape. A jury convicted him as charged. The trial court calculated his offender score as a 4, including one point for committing the offense while on community custody. The court then imposed a residential drug offender sentencing alternative. Ellison appeals the calculation of his offender score.

ANALYSIS

RCW 9.94A.525(19) authorizes the trial court to add a point to a defendant's offender score if the defendant's conviction is for an offense committed while he or she was on community custody. RCW 9.94A.030(5) defines community custody as "that portion of an offender's sentence of confinement in lieu of earned release time or imposed as part of a sentence under this chapter and served in the community subject to controls placed on the offender's movement and activities by the [Department of Corrections]."

Here, when Ellison committed first degree escape he was subject to an ATC sentencing option authorized as an alternative to confinement under RCW 9.94A.680. Because the ATC program is a substitute for confinement, Ellison was still "in custody" for purposes of RCW 9A.76.110, the first degree escape statute. *See State v. Breshon*, 115 Wn. App. 874, 878, 63 P.3d 871 (2003) (holding that a defendant ordered to participate in a sentencing alternative to total confinement is in custody for purposes of RCW 9A.76.110). In fact, Ellison had to have been in custody to be convicted of first degree escape. RCW 9A.76.110(1) provides that a person is guilty of first degree escape if he or she knowingly escapes "from custody."

No. 49413-2-II

The State concedes that Ellison was not on community custody at the time he committed first degree escape. We agree, and we hold that the trial court erred in adding a point to Ellison's offender score based on the incorrect finding that he was on community custody.

Ellison requests that we simply remove the additional point from his offender score. But the appropriate remedy for a miscalculated offender score is to remand for resentencing with the correct offender score. *See In Re Pers. Restraint of Call*, 144 Wn.2d 315, 333, 28 P.3d 709 (2001).

Accordingly, we vacate Ellison's sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.


We concur:

_____
JOHANSON, J.

_____
MELNICK, J.